ROGERS, J.,
dissenting.
I respectfully dissent from the determination that reversal is required by the failure to explain how the guideline range was arrived at. While it is important for a district court to make clear how its guideline calculation is made, in this case the reasoning is obvious from the record. The evidence clearly showed that the amount of marijuana exceeded 100 kg, but the court decided to defer to the jury’s determination that the amount was between 50 kg and 100 kg. The court was not required to defer to the jury verdict, but made that determination in its discretion. That discretionary exercise of deference to the jury did not require the court to go further and pick the lowest guideline range within the range found by the jury, and the district court declined to do so. Additional explanation would have been helpful, but was not required.
All of the evidence showed that Elledge was responsible for a drug quantity that far surpassed the range found by the jury. *128 Both the detective from the Missouri Sheriffs department and the DEA agent testified that the gross weight of the marijuana was 134.7 kg (297 lbs), including the wrapping but not including the duffel bags. Both witnesses also testified that the wrappings weighed only a few pounds— one set of the wrapping weighed 0.24 lbs, and if that weight was consistent for all the packages, the sixteen wrappers together would have weighed 3.87 lbs. The district court made a determination to cap the amount for sentencing purposes at the highest range consistent with the jury verdict, after expressing its dissatisfaction with the DEA’s policy permitting the pretrial destruction of the drugs. No further explanation was reasonably required as to why the court capped the drug amount without reducing it more than necessary— doing so was all that was necessary to achieve the court’s purpose of conforming to the jury’s verdict, and thereby expressing dissatisfaction with the DEA policy.
The district court did not need to “err on the side of caution,” under United States v. Walton, 908 F.2d 1289, 1302 (6th Cir.1990). That admonishment applies when the court is “choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity,” id., or when “the amount of drugs is uncertain,” United States v. Long, 190 F.3d 471, 478 (6th Cir.1999). But the district court was not uncertain about the amount of drugs in this case. All of the available evidence suggested that Elledge was actually responsible for more than 100 kg of marijuana. The court’s decision to find less than 100 kg of marijuana had nothing to do with uncertainty, and had only to do with deference to the jury and concern about DEA evidence-preservation policy. Neither concern plausibly suggested an amount less than 80 kg.
I agree with the other parts of the majority opinion and I would therefore affirm the sentence of the district court.